# LEVI E. PARSONS

## *v.*

# THE NORTHERN ILLINOIS COAL AND IRON COMPANY OF LA SALLE.

1. LIMITATIONS—*of a new promise.* In order to remove the bar of the statute of limitations by a new promise made within the period of limitation, it is necessary there should be shown, either an express promise to pay the money; a conditional promise, with performance of the condition; or an unconditional admission of the justice of the debt.

2. So, where the debtor expresses a willingness to pay the claim provided certain credits are allowed him, and a particular item stricken out, to which the creditor declines to accede, there is no sufficient promise to pay, nor acknowledgment of the justice of the debt, to relieve it from the operation of the statute.

APPEAL from the County Court of La Salle County; the Hon. P. K. LELAND, Judge, presiding.

This was an action of assumpsit commenced in the court below on the 20th of January, 1864, by The Northern Illinois Coal and Iron Company of La Salle against Levi E. Parsons, to recover upon an account for coals, goods, wares and merchandize sold and delivered, and for work and labor.

Among other pleas, the defendant interposed that of the statute of limitations, alleging that the cause of action had not accrued within five years before the commencement of the suit. The plaintiff replied, averring a new promise within five years, and issue was joined thereon.

It clearly appears from the record that the cause of action did not accrue within five years, and the only question is, whether the testimony shows a new promise on the part of the defendant within five years to pay the account, so as to take the case out of the statute. On this subject the testimony was as follows:

*Edgar Loomis,* who was introduced as a witness on the part of the plaintiff, to prove the account, testified that the account was correct, except some credits to be allowed the defendant, who had sold coal for the company on commission ; those commissions were not credited.    The witness said : We never had any settlement of the commissions while I was superintendent for the company.    The defendant claimed more than I thought was right.    I made out about sixty odd dollars commissions. Think $100 would be a liberal credit on the account.    The defendant claimed more.    The last item in the account is $11.50 for a keg of brandy which Parsons bought for himself of J. McInhill, and shipped by express to me.    I suppose it was drank up ; the defendant should be allowed a credit for that.    The company paid McInhill for the brandy about 29 March, 1859.    The defendant was willing to settle if I would allow him the commissions he claimed, which I would not do, as I thought he claimed too much.    The defendant and I examined the account together in 1863.    We had threatened to sue him once or twice.    Finally, he came to the office, and we went into an examination of the account and everything was satisfactory.    I believe he objected to the $11 50, but the balance was satisfactory.    He claimed more commissions than I was willing to allow.    Think he was there twice.    He was willing to settle the account if I would allow him commissions on coal which I thought he was not entitled to.

*George H. Locey,* introduced by the plaintiff, testified : I am superintendent of the works of the plaintiff.    About the 4th of November, 1863, I inclosed to Mr. Parsons, at Peru, the account sued upon.    He came to La Salle shortly after to see about settling the account.    He said he supposed he owed the company something.    He looked over the account, item by item, and stated that there should be a credit allowed him for commissions under an agreement he had made with Mr. Loomis, the former superintendent of the company, which had not been given him, and that when the question of commissions was settled, he was ready to pay the account.    I had no

knowledge of any agreement in regard to commissions and, of course, could make no settlement with him, except upon the basis of the account as it stood upon the book, and so stated to Mr. Parsons.

The finding was in favor of the plaintiff, and their damages assessed at $186 60.

The defendant brings the case to this court by appeal, and insists there was no sufficient evidence of a new promise to authorize a recovery against him.

Mr. G. S. ELDREDGE, for the appellant.

The effect of the statute could only be avoided by showing either an *express* promise to pay the debt, or an implied promise resulting from an *unqualified admission of a present indebtedness and intention to pay*, at *the time acted upon and acceded to by the creditor.* Neither of which existed in this case. *Ayres* v. *Richards*, 12 Ill. 146 ; *Keener* v. *Crull*, 19 Ill. 189–191 ; *Bell* v. *Morisen*, 1 Peters 351 ; *Sands* v. *Gelsten*, 15 Johns. 511 ; *Purdy* v. *Austin*, 3 Wend. 187 ; *Hancock* v. *Bliss*, 7 Wend. 267 ; *Allen* v. *Webster*, 15 Wend. 284 ; *Clark* v. *Dutcher*, 9 Conn. 674 ; *Sowlden* v. *Ransaeller*, 9 Wend. 293.

Messrs. BULL and NASH, for the appellee.

There can be no question from the testimony both of Loomis and Locey, but more especially the latter, of an express acknowledgment by Parsons, within five years, of an indebtedness to appellee and an express promise to pay the same. The most that can be urged against them is that the acknowledgment and promise do not of themselves fix upon the amount due. This was not necessary; that amount could be ascertained by other testimony. In 3d volume Parsons on Contracts, at page 69, we find : " It is not necessary that the " acknowledgment should be of any precise amount, but if " there be an admission of *any debt*, and of legal liability to

" pay it, *evidence may be connected with this admission to show* " *the amount ;* and *even if the parties differ* as to the amount, " an admission of the debt will remove the bar.

The question whether the acknowledgment or promise should fix the precise amount, as far as I have been able to see, has never been before this court, and I will therefore call the attention of the court to *Mills* v. *Wildman,* 18 Conn. 124, where it is held that a promise to settle the balance due, when ascertained, is sufficient to remove the bar.   Also to *Lord* v. *Harvey,* 3 Conn. 370, where an acknowledgment of a subsisting debt, leaving the amount open, is held sufficient.   Also to *Hazelbaker* v. *Reeves,* 12 Penn. 264 ; *Davis* v. *Steiner,* 14 Penn. 275 ; *Dinsmore* v. *Dinsmore,* 21 Me. 433, where it is held that the acknowledgment need not fix the precise amount due.   Also to *Barnard* v. *Bartholomew,* 22 Pick. 291, where, as well as in some of the above cases, it is held that evidence *aliunde* can be introduced to fix the amount.   And also to *Colledge* v. *Horn,* 3 Bing., (11 Eng. C. L.) 119, where it is held that, even if the parties differ as to amount, the acknowledgment of a present indebtedness and promise to pay the same, removes the bar.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

The account, to recover which this suit was brought, accrued more than five years before the suit was instituted.   The defendant filed, amongst others, a plea of the statute of limitations, and to it the plaintiff replied a new promise made within five years.   There seems to be no question that all of the items charged in the account were purchased more than five years before this suit was commenced.   But it is insisted that a new promise may be inferred from the various efforts which were made to settle, in none of which was the justice of the account denied, except as to the charge for the brandy, and the want of a sufficient credit for commissions on the sale of

coal for the company. The evidence also shows that appellant, on more than one occasion, stated that if they would correct the erroneous charge for the brandy and allow him what he claimed for commissions, he would settle. But the company never corrected the account as he claimed they should; nor does it appear that he otherwise ever promised to pay the account or any portion of it.

This, at most, was but a conditional promise to pay a portion of the claim. If, however, it should be so considered, the company never performed the condition, as they did not deduct the charge for brandy and allow the commissions, but at all times claimed these items, and refused to allow for commissions more than fifty or sixty dollars. If this was a conditional promise, the company could not claim the performance until they complied with the condition, which they never did.

To remove the bar of the statute it was incumbent upon appellant to show an express promise to pay the money, or a conditional promise, with a performance of the condition, or an unconditional admission of the justice of the debt. Neither of these has been shown in this case. There was not an express promise to pay, nor was there an unqualified admission that the debt was due and an intention to pay. On the contrary, appellant always contested the correctness of the account, and the company were unwilling to accede to his views. We are, therefore, of the opinion that the finding was against the law and the evidence, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*