## D. Theodore Merritt
### v.
### Philander G. Merritt et al.

*Mortgages—Foreclosure—Practice—Dismissal—Reinstatement—Limitations.*

1.   A cause can not be reinstated after the term during which it was dismissed has passed, unless under such circumstances as, on a bill filed for that purpose, would, upon rules established, warrant a bill to set aside an ordinary decree after it has become final.

2.   There can be no foreclosure of a mortgage where original proceedings to that end were dismissed for want of prosecution, and the mortgage note is barred by the statute when the new bill is filed.

[Opinion filed April 17, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Lorin C. Collins, Judge, presiding.

Messrs. Mason Brothers and Mr. Henry B. Mason, for appellant.

Mr. Joseph N. Barker, for appellees.

Gary, J.   June 24, 1887, there was pending, and had been for nearly five years on the chancery side of the Circuit Court, a foreclosure suit of the above title, in which, after it had been put at issue, nothing had been done.   The parties are relatives and the suit involved a family quarrel.   The respective solicitors had occasionally talked of bringing about a settlement, and occasionally about trying it some time.   On the day mentioned the court called it for trial, nobody answered, though the solicitor of the appellees was present, and the court dismissed the suit.   The solicitor of the appellant did not learn of the dismissal until August, and then the judge was gone and could not be reached until October.   The solicitor of the appellees met the solicitor of the appellant immediately after

the dismissal, but said nothing to him about it, and said to a witness, that his reason for silence was in order to have the term of court elapse. There was some evidence as to the order of business in the office of appellant's solicitor, and the reason why the case was not attended to. There was no evidence of anything done to deceive the solicitor of the appellant, but only an avoidance of anything to put him on his guard. After the suit was dismissed and before the end of the time to which that term of the court may have continued, the statute of limitations barred the note secured by the mortgage. On these facts the appellant filed a new bill, asking the court to reinstate the case, or to foreclose the mortgage, and the court dismissed it for want of equity.

While the court in its discretion might, during the term at which the case was dismissed, have reinstated it, yet when the term had passed it was too late (Kihlholz v. Wolff, 8 Ill. App. 371, Danforth v. Danforth, 105 Ill. 603.), unless under such circumstances as, on a bill filed for that purpose, would, upon rules established, warrant a bill to set aside an ordinary decree after it has become final. But this is not such a case. Wierich v. DeZoya, 2 Gilm. 385; United States v. Throckmorton, 98 U. S. 61.

The other alternative of relief the appellant asks, upon the argument, that at law a new suit may be brought within one year after a non-suit, if the time limited for bringing the action expired while the suit was pending ; that in this case that time expired during the time that the term of court at which this suit was dismissed might have continued, though such expiration was after the order of dismissal; that in law the whole term is to be considered as but one day; that during the term the order of dismissal might have been set aside, and was therefore not final until the expiration of the term; and that in some ways, as a conclusion from some combination of these postulates, the suit was still pending when the statute of limitations expired, and therefore a new bill is not barred by it. It would be of very dangerous consequence to hold that the suit was still pending during all the period during which the court might revoke its action.

Suppose this mortgage not to have been recorded, and a purchaser of the premises *bona fide*, without notice, after the dismissal and during the time that the term of court might have continued; would he have been affected by the mortgage?

There is no case that answers the question, but in principle, though not in degree, it would seem to be like Eldridge v. Walker, 80 Ill. 270, where it is held that a purchaser, after a bill is dismissed by a decree on the merits, and before a writ of error is sued out, is not affected by the subsequent reversal of the decree. And see Herrington v. McCollum, 73 Ill. 476. The action of the court was not less final and operative as the end of the suit, by being revocable. There was therefore no suit pending when the time limited in the statute for suing on the note expired, and the note being barred, it is conceded no bill to foreclose would lie. Emory v. Keighan, 88 Ill. 482, is but one of the several cases in this State to that effect. Many other questions than those here discussed are suggested by this record, as to the solution of which no inference is to be drawn from this opinion.

*Decree affirmed.*