## Charles T. Mandel v. H. & N. Gundershimer.

1. STATUTE OF LIMITATIONS—*New Promise to Pay.*—The unqualified acknowledgment of a debt, and the unequivocal promise to pay it, are sufficient to take a case out of the statute of limitations.

**Assumpsit,** for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

B. W. VEIRS and M. P. HATHAWAY, attorneys for appellant.

No appearance for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The question here presented is as to the sufficiency of a mere promise, to remove the bar of the statute of limitations, the suit being an action for goods sold.

In this case it appeared that Mr. Lewis, a collector for plaintiff's attorneys, called on the defendant, presenting to him a statement of account, and that the defendant stated that he could not pay it then, but if given ninety days, he would pay the whole amount due. Lewis replied, " You can

have that ninety days." That before the expiration of such ninety days, Lewis again called on the defendant, who then said he had made an arrangement to pay in ninety days which time had not expired, and that he would pay it in ninety days; that Lewis after the end of the ninety days again called, when defendant said he would go over to the office and pay the claim as soon as he could. William Ferguson testified that, being sent with the claim by plaintiff's attorneys to the defendant, the defendant said he didn't know just what he could do right then, but that he could do something on it in a week; that defendant afterward said that he couldn't pay the claim just then, as he had other accounts to pay, but just as soon as he got them wound up, he would pay this claim.

Lewis and William Ferguson, being the collecting agents of plaintiff's attorneys, in whose hands the claim was for collection, the unqualified acknowledgment of the debt and the unequivocal promise to pay were sufficient to take the case out of the statute of limitations. Ayers v. Richards, 12 Ill. 146; Homer v. Starkey, 27 Ill. 13; Sennott v. Homer, 30 Ill. 429; Parsons v. N. I. C. & I. Co., of La Salle, 38 Ill. 430; Norton v. Colby, 52 Ill. 198; Carroll v. Forsythe, 69 Ill. 127; Wachter v. Albee, 80 Ill. 47; Wooters v. King, 54 Ill. 343.

The judgment of the Circuit Court is affirmed.