Chicago—First District—March, 1916.    207

United States Fidelity & Guar. Co. v. Dickason, 198 Ill. App. 207.

## United States Fidelity & Guaranty Company, Appellee, v. Elizabeth G. Dickason, Executrix of the Last Will and Testament of Livingston T. Dickason, Deceased, Appellant.

### Gen. No. 21,996.

1. LIMITATION OF ACTIONS, § 116*—*when correspondence subsequent to date of tolling of statute of limitations inadmissible.* In Probate Court proceedings wherein the representative of the estate of one who agreed to indemnify a surety company contended against such company that the statute of limitations had run against interest prior to a specified date on the penalty of the bond sued on, *held* that letters offered by the company, dated subsequent to a certain date and after the statute of limitations had tolled, were properly excluded.

2. EQUITY, § 79*—*when statute of limitations tolled as against interest on bond.* In proceedings in the Probate Court commenced on May 14, 1914, by a corporation which was surety on the bond of a contractor, who abandoned his contract on account of which the surety company paid the penalty of such bond, against the estate of deceased who had agreed in a condition of such bond to indemnify such corporation, and such corporation sought to charge interest against the estate from January 1, 1902, when the liability on the bond was fixed, and such estate contended that the statute of limitations had run against interest prior to June 7, 1911; and it appeared that deceased did not make any representations to such corporation inducing them not to commence action on the bond within the time when the statute of limitations was tolled, nor promise to pay the bond or amount of judgment thereon recovered against such corporation, but on the contrary denied his liability persistently; that such corporation never threatened suit within the period of the running of the statute, nor made demand upon deceased; that there was no proof of fraud, deceit or concealment of any fact which lured such corporation to refrain from suit against deceased within the proper time, and that deceased was not cognizant of any material fact in the matter not equally known to the corporation, *held* that the liability of the estate was for the penalty of the bond with interest thereon from June 7, 1911, and not from January 1, 1902.

3. EQUITY, § 79*—*how statute of limitations applied in equity.* Equity courts in cases of concurrent jurisdiction are bound by the statute of limitations which govern the courts in like cases, and this, rather in obedience to the statute, than by analogy.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

United States Fidelity & Guar. Co. v. Dickason, 198 Ill. App. 207.

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1915. Reversed and judgment here. Opinion filed March 7, 1916. Rehearing denied March 20, 1916.

PARKER & KING and ASHCRAFT & ASHCRAFT, for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action was started by the filing of a claim in the Probate Court of this county, which was allowed for the amount claimed. From such allowance the executrix took an appeal under the statute to the Circuit Court. In the Circuit Court the claim was tried before the court with a jury and a judgment entered, bad in form, on a verdict instructed by the court, in the sum of $33,663.85, and the executrix from that judgment prosecutes this appeal, seeking a modification of the amount of the judgment on the theory that neither the testator nor his estate is liable for interest on the penalty of the bond in suit prior to the time that appellee paid the judgment of the Federal Court of Kentucky against it and in favor of the Ohio and Kentucky Railroad Company.

The material condition of the bond, the subject matter of this litigation, is that if the obligors—

"C. E. Loss and L. T. Dickason, their heirs, executors and administrators, shall at all times hereafter save harmless and keep indemnified the said United States Fidelity & Guaranty Company, its successors and assigns, against all suits, actions, debts, damages, demands, costs, charges and expenses, including court costs and counsel fees, at law or in equity, and against all loss and damage whatever that shall or may at any time hereafter happen or accrue to the said United

States Fidelity & Guaranty Company, its successors or assigns, for or by reason of the suretyship of the said United States Fidelity & Guaranty Company, as aforesaid, then this obligation to be void," etc.

We quote the following from the opening statement of counsel for appellant as being a fair statement of the case with admissions of fact binding appellant and which relieve appellee from the burden of proving that which, but for the admissions, would be incumbent upon it to prove:

"For the purpose of this trial I now admit that on January 8, 1900, Colonel Dickason executed the bond, copy of which is attached to the claim in this case, being a bond in the penal sum of $20,000 to indemnify this claimant, the United States Fidelity & Guaranty Company, for signing the bond of C. E. Loss & Company to the Ohio and Kentucky Railway Company. I admit the execution of the bond of C. E. Loss & Company and the claimant on the same date, January 8, 1900, to the Ohio and Kentucky Railway Company and the delivery of each of these bonds on the day of their date; that C. E. Loss & Company, under its contract with the Kentucky and Ohio Railway Company, proceeded with its work on that contract mentioned in the bond; that on the 16th day of January, 1901, it abandoned that contract; that a claim was made against the Surety Company, the claimant in this suit, by the Railway Company, for damages during the year 1901; that the claim became an obligation in favor of the Ohio and Kentucky Railway Company on the 1st · day of January, 1902, for the purpose of this trial, in the amount of $35,000; that it brought suit on that claim in March, 1903; that Colonel Dickason was notified to defend that action; that he did defend the action in co-operation with the claimant here, the Surety Company; that they furnished all the aid and assistance they could in the defense of that action and that it resulted in a judgment for a total amount of $30,126.66 against the claimant in this case; that on June 10, 1911," (should be June 7) "claimant in this case paid the Railroad Company $32,748.11.

"I admit a claim should be allowed in this case by the court and the jury against the estate of Colonel Dickason for $20,000 and interest on that amount from the day the Surety Company paid that claim at the rate of 5 per cent per annum and the costs of this case.

"I admit that the breach on the liability side of this bond occurred the 1st of January, 1902.

\*     \*     \*     \*     \*     \*     \*

"I admit that the claimant in this case notified Colonel Dickason to defend the suit; that he did defend the suit the best he could with the co-operation of the claimant; that the claimant hired its lawyer and Colonel Dickason hired his lawyer and they co-operated in the defense; that the Surety Company did all it could to aid in the defense in every way."

Appellant introduced no evidence save the admissions of counsel already referred to. On the contention of appellant that the evidence in the case presented no fact for the determination of the jury, counsel moved the court to instruct the jury as follows:

"The court instructs you as law in this case, that the claimant is entitled to a verdict of $20,000 and 5% interest per annum on that sum from June 7th, 1911, and you will so find."

This motion the court overruled and refused to instruct the jury as requested. Thereupon appellee moved the court to give to the jury the following instruction:

"The jury are instructed that you should find in favor of claimant, United States Fidelity and Guaranty Company, in the sum of Twenty Thousand Dollars ($20,000), together with interest thereon from January 1, 1902, to date, at the rate of five (5) per cent per annum, amounting to the sum of Thirteen Thousand Three Hundred Thirty Dollars and Fifty-five Cents ($13,330.55), being the total sum of Thirty-three Thousand Three Hundred Thirty Dollars and Fifty-five Cents ($33,330.55)"

which instruction, against the objection of appellants,

the court gave, and a verdict in accord therewith was returned.

In this condition of the record it is apparent that, notwithstanding the very elaborate and able briefs of counsel, discussing with legal acumen every possible angle of the case on both law and fact, but one question is really in dispute, and this one question is the only question necessary to determine in order to settle the rights of the parties—that is, whether the statute of limitations was tolled as against interest upon the bond in suit. That question can be settled by determining which of the two instructions requested should have been given to the jury. The opinion of the learned trial judge found in appellee's brief, delivered orally at the close of the proofs, is of no assistance to the court and was not so intended, as is apparent from the judge's opening statement that: "This is both a new and interesting question to me, and all I can treat any of you to is a quitclaim opinion on the subject."

The following are the important dates and events involved in this suit: The liability on the bond was fixed in a suit in Kentucky between appellee and the Ohio and Kentucky Railroad Company, as of January 1, 1902. The litigation between the parties on this liability in the Kentucky Federal Court culminated in a judgment, from which no appeal was perfected, on June 9, 1910, for the penalty of the bond with interest from January 1, 1902. Appellee paid that judgment with interest on June 7, 1911. On March 22, 1913, Livingston T. Dickason, appellant's testator, died. The suit of the railroad company against appellee was commenced in March, 1903. The claim involved in this suit was filed in the Probate Court on May 14, 1914.

Counsel for appellee complain in their brief of the omission from the abstract of certain letters offered by them and excluded on the motion of appellant. While counsel for appellee failed to set forth these letters in

212    APPELLATE COURTS OF ILLINOIS.

United States Fidelity & Guar. Co. v. Dickason, 198 Ill. App. 207.

their brief or by filing an additional abstract, we have gone to the record and find that the correspondence encompassed within these letters was subsequent to January 1, 1912, and after the statute of limitations, it is argued, was tolled. They were therefore properly excluded.

While it is admitted that the testator, in co-operation with appellee, defended the suit against the Ohio and Kentucky Railroad Company, we fail to find any evidence in this record, or any admission by appellant's counsel, that the testator made any representations to appellee or its counsel which induced them not to commence an action upon the bond within the time in which the statute of limitations was tolled. Nor was there any promise made by the testator that he would pay the bond or the amount of any judgment which the railroad company might obtain against appellee. On the contrary, the testator seems to have persistently not only avoided making any such promise, but openly denied his liability.

We can find nothing in this record, conceding the law to be as contended by appellee, which would raise an estoppel against appellant advantaging of the statute of limitations. Appellee never even threatened suit within the period of the running of the statute of limitations, and, furthermore, the testator made no promise to pay within that time. Had the statute of limitations expired during the defense of the railroad company's suit, a different question would be presented for solution; but at the time appellee paid the railroad company's judgment nearly seven months remained, before the expiration of the statute, in which it could have commenced suit against the testator upon the bond now in suit, during which time it remained inactive. During that seven months no demand was made upon the testator for payment and no excuse is made to appear why appellee did not during that time

commence its action. Testator became liable under the "loss and damage" clause of the bond in suit at the time appellee paid the railroad company's judgment, June 7, 1911, and while the testator did not die for more than one year and nine months thereafter, no action was taken against him to force a recovery and no overt step looking to an enforcement of appellee's claim under testator's bond taken until the filing by appellee of its claim in the Probate Court on May 14, 1914,—nearly three years after the amount of the liability of the testator on the bond became fixed.

There is no proof that appellant's testator was guilty of any fraud, deceit or concealment of any fact which lured appellee to refrain from commencing suit to enforce its claim within the period of the running of the statute of limitations; nor does it appear from the record that appellant was cognizant of any material fact that was not equally known to appellee. Even were we to concede, which we do not, that appellee was in a position to invoke equitable defenses, such even would be unavailing in a court of equity. *Boone v. Colehour*, 165 Ill. 305, states the doctrine applicable to equitable defenses with precision.

As said in *Hamilton v. Downer*, 152 Ill. 651: "If it has ceased to be a charge through her failure to pursue in due time the remedy given by the statute, a court of equity will render her no assistance." And in *Godden v. Kimmell*, 99 U. S. 201, the court states the general rule thus: "Equity courts in cases of concurrent jurisdiction should consider themselves bound by the statute of limitations which govern courts of law in like cases, and this rather in obedience to the statute of limitations than by analogy."

We think the observation of the court in *Ennis v. Pullman Palace Car Co.*, 165 Ill. 161, is pertinent to the case at bar. "* * * But a party should not be allowed to trust too long to the anticipated outcome

of such proceedings and until his right to legal remedies has been lost by lapse of time."

We therefore conclude that the liability of appellant is for the penalty of the bond, $20,000, with interest at five per cent. per annum from June 7, 1911, when appellee paid the judgment against it of the Ohio and Kentucky Railroad Company, to the present time.

The judgment of the Circuit Court is reversed and judgment entered here for $24,750.

*Reversed and judgment here for $24,750.*