**DORSEY v. RECONSTRUCTION FINANCE CORP.**

No. 49 C 1515.

United States District Court
N. D. Illinois, E. D.

March 8, 1951.

John J. Dowdle, Chicago, Ill., for plaintiff.

Lee Walker, Lawrence T. Manning, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff brings this action, seeking damages in the amount of $125,000 occasioned by the alleged wrongful mishandling by defendant of collateral pledged by plaintiff to the National Bank of the Republic of Chicago to secure certain notes executed by plaintiff, which notes and collateral were assigned to defendant by the Bank. Defendant denies liability and counterclaims, alleging that plaintiff still has not paid two judgments entered against him in favor of defendant in this court in 1937.

It appears from the pleadings that, on March 26, 1931, plaintiff executed three 30-day notes to the Bank in the principal amounts of $85,694.45, $5,689.71, and $1,329.69. The first two notes were executed by plaintiff personally, and the third was executed by Victor A. Dorsey & Co., but personally guaranteed by plaintiff. The third note has been fully paid. In his answer to the counterclaim, plaintiff asserts that any action on the second note is barred by the Statute of Limitations.

Stated briefly, plaintiff makes the following assertions: (1) That $11,000 of the indebtedness to the Bank represents the purchase price of 60 shares of the Bank's own stock, sold to him in October, 1930. He claims that the price was originally evidenced by his note for $11,000 which was later renewed and consolidated with other notes in the $85,694.45 note. He alleges that the sale of the Bank stock was void under the provisions of 12 U.S.C.A. § 83, and that the note should be reduced by that amount; (2) That the liquidation of his collateral brought sums sufficient to pay his obligations as early as June 21, 1944, and that, since that time, he has made repeated requests for a refund of alleged overpayments, as well as for the return of the remaining collateral; (3) That subsequent to June 21, 1944, defendant arbitrarily sold additional collateral held as security for his debts; (4) That subsequent to the maturity of his debts, he requested defendant from time to time to sell his collateral when the market was high, but defendant did not comply with his requests; (5) That he did not receive credit for the proceeds of the sale of a group of bonds of the Empire State Oil Co. held by defendant as collateral.

On the other hand, defendant contends that the notes have not been fully paid for the following reason: In 1931 the Bank credited plaintiff in the amount of $30,000, which sum was received by plaintiff from the Arkansas Natural Gas Corporation in settlement of a claim against it by the Victor A. Dorsey & Co. This money was paid over to the Bank in payment of plaintiff's personal obligation. Subsequently, creditors of Victor A. Dorsey & Co. brought garnishment proceedings against the Bank to recover a portion of the amount so paid. They obtained judgments in the amount of $9,084.69, which judgments were affirmed upon appeal. See Dorsey & Co. v. Central Republic Trust Co., 277 Ill.App. 126. The Bank paid the judgments, and plaintiff's account was debited in the amount of the judgments plus interest.

In the course of these proceedings, defendant served plaintiff with three sets of Requests for Admissions—50 paragraphs in all. Plaintiff answered some of them and objected to others. Defendant opposes the objections, and moves to strike plaintiff's answer to the First Request.

Plaintiff now moves for partial summary judgment. Defendant moves for summary judgment on the following grounds: (1) 12 U.S.C.A. § 83 does not deny the validity of a note given to a bank in payment for shares of its own capital stock; (2) A pledgee is not obligated to sell the pledged collateral at a specified time even upon request of the pledgor; (3) Even assuming that the $5,000 note is barred (which defendant denies), a creditor may hold and realize on collateral pledged to secure a debt, although action on the debt is barred by the Statute of Limitations; (4) Where an account is rendered by one party to another and is

retained by the latter beyond a reasonable time without objection, this constitutes a recognition by the latter of the correctness of the account and establishes an account stated. (Defendant asserts that, at plaintiff's request, it sent a statement of account to plaintiff on November 7, 1944 showing a large balance still due, which statement has never been objected to by plaintiff until this suit.)

The pleadings of the parties have developed into such a muddle, it is necessary that the Court separate them in the following manner:

A. As to defendant's First Request for Admissions (Paragraphs 1 to 30)–

Defendant requests that plaintiff admit the truth of the thirty statements, nearly all of which have to do with exhibits attached to the Request. For the most part, plaintiff's Answer to the Request is unresponsive and, to make matters worse, is directed to the exhibit numbers rather than the paragraph numbers. Reduced to its simplest terms, plaintiff's Answer amounts to this:

He admits—Request Paragraphs 20, 21 and 27.
He does not answer—Paragraph 28.
He admits the genuineness of the documents referred to in—Paragraphs 1, 2, 3, 5, 16, 17, 18, and 19.
He does not admit—Paragraphs 29 and 30.
He has insufficient knowledge to admit or deny the exhibits referred to in—Paragraphs 6 to 14, and 23 to 26.
He objects to—The exhibits referred to in Paragraphs 4 and 22 on the ground that they are irrelevant.

Defendant moves to strike plaintiff's entire Answer to the First Request for Admissions, which motion is hereby granted and the same is accordingly stricken, except as to the portions of the Answer directed to Request Paragraphs 20, 21, 27 and 28. Plaintiff's objections to Paragraphs 4 and 22 of defendant's First Request for Admissions are overruled. Plaintiff is further directed to answer said Request within 20 days hereof on the basis of the truth of the statements contained therein, and not as to the genuineness of the documents to which the Request has reference.

B. As to defendant's Second Request for Admissions (Paragraphs 31 to 35)—Plaintiff failed to file an Answer to said Request, and the paragraphs are, therefore, taken as admitted.

C. As to defendant's Third Request for Admissions (Paragraphs 36 to 50)—Plaintiff's objections to Paragraphs 42 to 50, both inclusive, of defendant's Third Request for Admissions are hereby overruled, and plaintiff is directed to answer same within 20 days hereof.

■ Proceeding to the disposition of plaintiff's motion for summary judgment, it appears clear that it must be denied, since genuine issues of fact remain to be determined. In the first place, under the Rules of Civil Procedure, 28 U.S.C.A., it is not contemplated that summary judgment should be granted for partial relief. Furthermore, in his affidavit submitted in support of said motion, plaintiff merely lists the various collections made by defendant upon the collateral pledged to it, and assumes that they have been sufficient to discharge the debt owed. However, he fails to account adequately for interest charges and the $9,000 "chargeback" resulting from the aforementioned garnishment judgments.

■ As a matter of law, plaintiff is in error as to his assertion that $11,000 of the debt is void under 12 U.S.C.A. § 83. That section provides: " § 83. *Loans on or purchase by bank of own stock.*

"No association shall make any loan or discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares, unless such security or purchase shall be necessary to prevent loss upon a debt previously contracted in good faith; and stock so purchased or acquired shall, within six months from the time of its purchase, be sold or disposed of at public or private sale; or, in default thereof, a receiver may be appointed to close up

the business of the association, according to section 192 of this title."

From plaintiff's own pleadings, it is apparent that this was not a loan transaction, but rather a purchase-money note. And there is nothing in the language of the section quoted that would prohibit a bank from retaining possession of its own stock until such time as the purchaser paid the note executed for the purchase of such stock. Plaintiff's motion for summary judgment is, therefore, denied.

■ Defendant is in no better position insofar as its motion for summary judgment is concerned. There appears to be no serious quarrel with the proposition that, in the absence of an express agreement to that effect, a pledgee is not obliged to sell the property pledged at a specified time, even when requested to do so by the pledgor. See Furness v. Union National Bank, 1893, 147 Ill. 570, 35 N.E. 624. However, the cases do not intimate whether the pledgee has complete freedom of action in regard to the disposition of the security. Here, plaintiff has alleged that defendant dealt with the collateral arbitrarily. The Court would assume that, if a pledgor can show that the pledgee dealt with the securities so arbitrarily as to render the transactions unconscionable, the pledgor will have made out a case entitling him to some type of relief.

■ As to plaintiff's plea interposing the Statute of Limitations as a defense to the $5,000 note, it is true that the general rule is that a pledge is not terminated by the running of the Statute of Limitations against the claim secured by the pledge. See Restatement of Security, Section 47, and 53 Corpus Juris Secundum, Limitations of Actions, § 10. However, considerable research indicates that Illinois apparently does not follow the majority rule on this subject. There are no Illinois decisions involving the present problem directly, but, insofar as mortgages are concerned, the Illinois rule is that, when the right of recovery as to the debt is barred by limitations, the mortgage or

deed for security, or the remedy thereon, is also barred. See 53 C.J.S. Limitations of Actions, § 9; Markus v. Chicago Title & Trust Co., 373 Ill. 557, 27 N.E.2d 463, 128 A.L.R. 567; Richey v. Sinclair, 167 Ill. 184, 47 N.E. 364; Boone v. Colehour, 165 Ill. 305, 46 N.E. 253; MacFarland v. Utz, 175 Ill.App. 525; Merritt v. Merritt, 33 Ill.App. 63; Parsons v. Lurie, 400 Ill. 498, 81 N.E.2d 182; and Gary-Wheaton Bank v. Helton, 337 Ill.App. 294, 85 N.E. 2d 472. Corpus Juris Secundum clearly lists Illinois as following the minority rule on this point, and states in 53 C.J.S., Limitations of Actions, § 10, that "* * in a state where a mortgage cannot be enforced after the debt which it secures is barred, discussed supra § 9b, it has been held, in analogy to that rule, that a collateral contract providing security cannot be enforced as an independent agreement when the original claim is barred."

Defendant, in an attempt to circumvent this rule, cites as authority Illinois Bankers Life Assurance Co. v. Dunas, 333 Ill.App. 192, 77 N.E.2d 54, and Fountain v. Bookstaver, 141 Ill. 461, 462, 31 N.E. 17. However, those cases are merely authority for the proposition that the Statute of Limitations does not run against a mortgagee who enters into possession of the premises after condition broken, but before the Statute of Limitations has run against the indebtedness, the theory being that this is a recognized mode for the collection of the mortgage debt and that it is presumed that such mortgagee is applying rents and profits derived from the premises to the payment of the debt. It is difficult to see how the same theory can be applied in the instant case, where the pledgee held the security from the date of the institution of the debt, and apparently took no steps to realize on the collaterals and apply the proceeds to the particular indebtedness until after the Statute had completely run. (Since these motions were made, defendant collected on some of the collaterals and now asserts that the matter has become moot, for the reason that the collections were applied to the $5,000 note, rendering it fully paid. In view of

the foregoing, however, the matter has not become moot because defendant may not have had the right to so apply the collections.)

 It may very well be that the legal conclusions set forth in the preceding paragraphs may not be of material assistance to the plaintiff, for it appears to be the rule that, even though a pledgee cannot realize on the collaterals pledged, the pledgor cannot recover possession of them until such time as he has paid his debt. Corpus Juris Secundum states: "* * * it is a general rule that a creditor may hold and realize on collaterals pledged or deposited to secure a debt although action on the principal obligation is barred by limitation; and it is uniformly held that a pledgor cannot recover possession of the pledged property without paying his debt although the debt is barred by the statute of limitations". There are no Illinois cases cited under this statement of law, but the Court is of the opinion that the Illinois rule should be identical.

 As to the $9,000 "charge-back", it is difficult to perceive how plaintiff can legitimately claim that the original credit rendered to his account would constitute a good and irrevocable payment. It appears to the Court that it was no more than an illusory payment, and the fact that defendant's assignor rendered the credit to plaintiff and was subsequently obliged to turn over certain sums to the garnishment creditors of Victor A. Dorsey & Co. should not estop defendant from asserting the resultant debit.

Insofar as defendant's assertion that an account stated exists between the parties is concerned, it should be noted that defendant has not pleaded it either in its answer or in its counterclaim, but raises it for the first time in its brief in support of the motion for summary judgment. Hence, it would be premature for the Court to make a determination of the issue at this time. In any event, evidence should be heard on the matter, even though, upon proof, the Court might be obliged to determine the issue as a matter of law, as, for example, where the proof is entirely documentary.

For the foregoing reasons, defendant's motion for summary judgment is hereby denied.