Abner G. Murray and P. W. Harts v. George F. Emery, Ex'r, etc.

1. MORTGAGES—*Assumption of Payment by a Grantee.*—Where the grantee assumes the payment of an existing incumbrance on land conveyed to him, he becomes, as between himself and his grantor, the principal debtor.

2. LIMITATIONS—*Where the Running of the Statute is Arrested by Promises.*—Where a grantee assumed the payment of a mortgage and paid interest on the notes secured by such mortgage for nearly twenty years, and agreed in writing that, in consideration of the forbearance by the holder of the notes to enforce collection, he would not avail himself of the statute of limitations in defense of a suit upon the mortgage or notes, *it was held,* that his agreement would arrest the running of the statute.

3. CONVEYANCES—*Effect of Assuming an Incumbrance.*—Where a person assumes an incumbrance on land conveyed to him and agrees to pay it as a part of the consideration, he becomes liable for such incumbrance to the holder of it.

Bill for Relief.—Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Hearing and decree for complainants; appeal by defendants. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

EDWIN B. HARTS, attorney for appellants.

CHARLES E. POPE and CHARLES L. CAPEN, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

By warranty deed dated January 9, 1874, one Elvira W. Spaulding acquired the title to certain land in Cook county, and gave back a trust deed, in the nature of a mortgage of the premises, to one Sweet, dated March 13, 1874, to secure a part of the purchase price, evidenced by three promissory notes made by one Poucher, for $2,666.66 each, payable in one, two and three years.

Subsequently, the said Spaulding conveyed all of said premises, by two warranty deeds, to one Butler. The first

of said deeds bears date September 13, 1874, and conveys a part of said premises, subject to said trust deed upon the whole, but provides that of said " incumbrance the party of the second part (Butler) assumes $4,332, with interest from and after the date hereof, according to the tenor of the said notes in the said trust deed mentioned, and does not assume any further or greater sum."

The other of said deeds bears date January 21, 1875, and conveys the rest of said premises, subject, also, to said trust deed upon the whole, but provides that of said " incumbrance the party of the second part (Butler) assumes the sum of $4,125, which said sum includes the interest on said notes to January 1, 1875, but does not assume any further or greater sum."

Then, on March 1, 1875, by warranty deed of that date, the said Butler conveys all of said premises to the appellant P. W. Harts.   The deed from Butler to Harts describes the premises by two separate descriptions, the same as the deeds from Spaulding to Butler, and seems to follow exactly the language of those deeds in respect of the subjecting and assumption clauses referring to said trust deed.

By his warranty deed dated April 15, 1897, appellant Harts conveyed all of said premises to the appellant Murray, without any reference being made in said deed to the said trust deed or the indebtedness thereby secured.

In the meantime, appellant Harts executed and delivered to Hanson M. Hart, the then holder of said notes, to whom they had been regularly indorsed, a certain agreement in writing, as follows:

" Whereas, Hanson M. Hart, of Portland, in the State of Maine, holds three notes of hand of $2,666.66 each, dated March 13, 1874, one payable in one year from date, one in two years from date, and one three years from date, with interest at eight per cent per annum, signed by Richard M. Poucher, payable to the order of Edward F. Sweet, trustee, all of which came to the hands of said Hart duly indorsed, which said notes are secured by a mortgage or trust deed from Elvira W. Spaulding of certain real estate, and

Whereas, I, P. W. Harts, am the owner of said land sub-

ject to said trust deed, and am to pay the said notes and arrears of interest and such as shall accrue, and

Whereas, said Hart, at my request, has forborne to enforce payment of said notes by suit, foreclosure of said trust deed or otherwise, and I find it inconvenient to pay said notes for the present;

Now, therefore, in consideration of the forbearance and indulgence of the said Hart, in the premises, I hereby promise and agree that in the event he shall hereafter resort to legal remedies for collecting said notes by suit, foreclosure of said trust deed or otherwise, I will not avail myself of the statute of limitations or interpose any obstacle in defense, and in case I shall sell or otherwise dispose of my interest, I engage that said notes and interest shall be fully paid, to the intent that said Hart shall lose nothing by his forbearance, past or future. This agreement shall be binding on me, my heirs, assigns and legal representatives, and shall inure to the benefit of said Hanson M. Hart, his heirs, executors and assigns.

Dated Springfield, Ill., Jan. 9th, 1895.

P. W. HARTS."

Hanson M. Hart afterward died, and the appellee, Emery, is his executor.

Within less than ten days after the date of the deed from P. W. Harts to the appellant Murray, the latter filed his bill in equity to remove the said trust deed as a cloud upon his title.

Later on, appellees appeared in that suit and answered, and filed their cross-bill, bringing in as new parties the maker of the notes, Poucher, and appellant P. W. Harts.

The object of appellees' cross-bill was to foreclose the trust deed which Harts had assumed to pay. Harts appeared, answered appellees' cross-bill and filed his own cross-bill.

The original bill of Murray and the cross-bill of Harts were dismissed for want of equity, the pleas of each appellant to appellees' cross-bill were overruled, and the present decree upon appellees' cross-bill to foreclose was granted.

The decree finds the amount due and orders a sale of the premises, and provides that a deficiency decree may be entered against appellant Harts, if the sale shall fail to produce enough to satisfy the debt, costs and expenses of sale.

By the acceptance of the deed from Butler containing the assumption clause, Harts assumed and became primarily liable to pay the specified incumbrance. He afterward repeatedly acknowledged such liability by making payments upon the notes each year, for about twenty years, beginning in 1875. Such annual payments are indorsed on the notes as and for annual interest, and whenever their amounts are specified they correspond exactly with the amount of interest due annually at the rate named in the notes. It is insisted that by the terms of the assumption clause in the second deed to Harts he assumed only to pay $4,125, without interest. Such is not the reasonable construction of that clause, but if it might be given the interpretation contended for, were it standing alone, the subsequent conduct of Harts in paying interest, and the terms of his agreement of January 9, 1895, make his intention positively certain to pay that sum and the interest at the rate provided by the notes.

The continued payment of interest by Harts, and his written acknowledgment and agreement of January 9, 1896, do not need to be argued to effectually destroy Harts' defense of the statute of limitations. The statement of the facts is enough. And Murray's interposition of the statute of limitations is equally unavailing. The right of appellees to foreclose the trust deed continued until the debt itself became barred, and this is so whether applied to Harts or to his grantee. Richey v. Sinclair, 167 Ill. 184.

Appellants claim that the honorable chancellor of the Superior Court, who heard the cause, violated the rules of that court in numerous respects, whereby they were greatly injured.

A thorough examination of the record, in respect of the matters referred to, fails to reveal the merits of appellants' contention, or that appellants have placed themselves in a position to successfully urge such matters, if possessed of merit.

As we read the record, the whole case was disposed of together—original bill, pleas and cross-bill—which is gener-

ally the proper practice, and was pursued, in this instance, without timely objection.

We think there was no error in dismissing appellees' cross-bill as to Poucher, the maker of the notes assumed by Harts. He does not appear to have ever had any interest in the land, and as between himself and Harts, he was not even liable on the notes. It is no concern of Harts whether Poucher should or should not be decreed, along with himself, to pay a deficiency, if any, after sale of the premises. Harts could not claim contribution from Poucher, for, as between themselves, Harts alone is liable for the debt. Nor is it any concern of Harts whether Poucher received any consideration for executing the notes, or has been released from their payment by force of the statute of limitations, or in any other way.

When Harts received a conveyance of the land and assumed to pay for it the amount of Poucher's notes, given for a part of a former purchase price, he estopped himself from questioning the regularity or validity of such notes. Miller v. Robinson Bank, 34 Ill. App. 460; Dean v. Walker, 107 Ill. 540; Daub v. Englebach, 109 Ill. 267.

When he pays the amount of the decree here he will have paid only what he agreed to pay for the land. The fact that Poucher, and not Spaulding, made the notes, does not alter the principle so as to relieve Harts from his agreement to pay for the land. Harts' liability, notwithstanding the statute of limitations, seems to be very plain. See Harts v. Emery, 84 Ill. App. 316.

Appellants claim that the decree is for too large a sum. After the hearing, and when a computation of the amount due was all that remained to be done, a reference to a master to compute the amount was substantially waived by agreement of the parties. Upon the following day, when the decree was submitted to the court for entry, counsel for appellants suggested that evidence in his control upon the question of what was due might be submitted under appellees' cross-bill, and the court acceded that he might offer such evidence. No evidence was, however, then offered,

nor was time requested within which to offer it. We do not think appellants can now be heard to complain in that respect.

We observe nothing further requiring comment, and the decree is affirmed.