ABNER G. MURRAY *et al.*

*v.*

GEORGE F. EMERY, Exr. *et al.*

*Opinion filed October 19, 1900.*

1. MORTGAGES—*mortgage is not barred if debt is alive.* A mortgage is but an incident of the debt, and is barred only when the debt is barred; nor has the law in this respect been changed by the Limitation act of 1872.

2. SAME—*when the Statute of Limitations cannot be interposed in fore-closure.* If the debt secured by a recorded trust deed has been kept alive by a purchaser of the property who assumed, and for a sufficient consideration agreed to pay, the debt, a grantee of such purchaser takes subject to the deed of trust, and cannot plead the limitation to defeat foreclosure while the debt remains alive.

*Murray* v. *Emery,* 85 Ill. App. 348, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

EDWIN B. HARTS, for appellants.

CHARLES L. CAPEN, and CHARLES E. POPE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant Murray filed his bill of complaint in the superior court of Cook county to remove as a cloud upon his title to certain real estate a certain deed of trust. The appellees, who were made defendants, appeared and answered, and then filed their cross-bill to foreclose said deed of trust. The appellant Harts also filed his cross-bill for an accounting. The court, on the hearing, dismissed Murray's bill and Hart's cross-bill, and entered a decree of foreclosure as prayed by Emery and others in their cross-bill. On appeal the Appellate Court affirmed

the decree, and Murray and Harts have appealed to this court.

The meritorious facts are, that in 1874 Elvira W. Spaulding acquired title to the land, and on March 13, 1874, executed the deed of trust in controversy conveying the land to appellee Sweet, as trustee, to secure the three notes, of $2666.66 each, given by one Poucher for a part of the purchase money. Why Poucher instead of Spaulding, who took the title, made these notes does not appear, nor, as we view the case, is it material. Afterward, in 1874, Spaulding conveyed a part of the land, by warranty deed, to Butler, and later, in 1875, conveyed by similar deed the rest to Butler. By these deeds Butler assumed the encumbrance created by the deed of trust. Afterward, in 1875, Butler, by his deed of warranty, conveyed the land to appellant Harts subject to the encumbrance, which, by the effect of the terms of the deed, Harts assumed. The three notes, aggregating $8000, were in due course, soon after they were made, assigned to Hanson M. Hart, of Portland, Maine. Harts paid the interest on the notes to Hanson M. Hart for nearly twenty years, and in January, 1895, gave to him a writing duly signed by him, Harts, reciting that he, Harts, was the owner of the land subject to the encumbrance and was bound to pay the notes and interest, and that the holder, Hanson M. Hart, had forborne, at his request, to enforce payment, and that it was not then convenient for him to pay. Harts then, by this agreement, agreed that in consideration of the forbearance of Hanson M. Hart he would not avail himself of the Statute of Limitations to any suit to enforce collection by foreclosure or otherwise, and that in case he should sell the land the notes should be fully paid, and that Hanson M. Hart should lose nothing by his forbearance; that the agreement should be binding on him, the maker of it, his heirs and assigns, and should inure to the benefit of Hanson M. Hart, his heirs, executors and assigns. Hanson M. Hart died afterward, and

appellee Emery became his executor, and soon thereafter Harts conveyed the land, by deed of warranty, to appellant Murray, for the purported consideration of $10,000. Murray, then claiming to be the owner and without knowledge of the encumbrance, brought his bill, as before stated, to remove the deed of trust as a cloud upon his title.

The questions involved were properly decided by the Appellate Court and the reasons sufficiently stated in the opinion of that court. (*Murray* v. *Emery*, 85 Ill. App. 348.) The only one requiring notice here is, whether the land, the title to which had vested in Murray, was still subject to the encumbrance, or whether the defense of the Statute of Limitations set up by Murray as a bar to the foreclosure was maintained.

We have often held that the mortgage is an incident of the debt and is barred only when the debt is barred, and that the act of 1872 in regard to limitations has not changed the law in this respect. (*Schifferstein* v. *Allison*, 123 Ill. 662; *Richey* v. *Sinclair*, 167 id. 184.) The indebtedness secured by the deed of trust had been kept alive by Harts, who, though not the original debtor, had assumed and agreed, upon a sufficient consideration, to pay it, and while he owned the property the statute would have been no defense to foreclosure. It was no more available to the grantee of Harts than to Harts himself. When he took title from Harts he took it with notice from the public records that it was subject to this mortgage, which was not barred unless the debt it secured was barred. As to the foreclosure, he stood in no better position than Harts occupied. (*Richey* v. *Sinclair, supra.*) Harts had no defense to Emery's cross-bill, neither had Murray.

The judgment of the Appellate Court affirming the decree of the superior court is affirmed.

*Judgment affirmed.*