ARCHIBALD W. McCANDLESS

*v.*

JOHN N. CROUSE.

*Opinion filed February 21, 1906—Rehearing denied April 5, 1906.*

1. PARTNERSHIP—*when question of responsibility for dissolution is not material.* Upon a bill for an accounting after a written agreement has been entered into dissolving the partnership by mutual consent, the question as to the causes of the dissolution and as to which of the partners was responsible therefor is not material.

2. SAME—*when disposition of property by the Appellate Court will be upheld.* Upon accounting between partners a judgment of the Appellate Court requiring·the re-conveyance to the complainant of certain real estate at the value placed thereon when he conveyed it as part of a bonus given by him when the partnership was formed, instead of crediting the complainant with the amount and allowing the defendant to keep the land, will be upheld, where the bill specifically asked for such relief and such course is more equitable to both parties and is in conformity with the evidence.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

On March 31, 1896, appellant, Archibald W. McCandless, and appellee, John N. Crouse, entered into a written contract of co-partnership for the practice of dentistry in Chicago. The contract recites that Crouse had been in the dentistry business in Chicago for over twenty years, and had built up a business the good will of which was worth $50,-000; that McCandless had been in the dentistry business in Chicago for about three years; that the parties agreed to form a co-partnership for a period of five years, beginning April 1, 1896, and should share profits and expenses equally; that McCandless had agreed to pay Crouse for said interest in the business $15,000, of which sum he had paid $10,350 by the conveyance of certain real estate, leaving the sum of

$4650 to be paid out of his share of the net income above $5000 per annum until the same was fully paid, said $4650 being evidenced by McCandless' note due on or before five years after date. The partnership continued for a period of about eighteen months, during which time disagreements arose between the parties. Crouse charged McCandless with incompetency, unprofessional conduct and overcharging patients, while McCandless charged Crouse with misrepresenting the value of the good will of the business, violating the terms of the agreement of partnership, and such criticisms upon the work performed by him as greatly injured the business. On October 15, 1897, the parties entered into a written agreement, as follows:

"CHICAGO, *October 15, 1897.*

"We, the undersigned, wish to dissolve the partnership in the practice of dentistry now existing under the name of Crouse & McCandless, by mutual consent, the terms of dissolution and settlement to be agreed upon hereafter but the dissolution to take effect the first of October last.

J. N. CROUSE,
A. W. McCANDLESS."

The parties were unable to agree upon the terms of dissolution and settlement, and on February 3, 1898, appellant filed his bill in the superior court of Cook county for relief. The bill alleged that appellant deeded certain real estate to appellee at an agreed valuation of $10,350 and gave his promissory note for $4650 in payment of the bonus which, by the articles of co-partnership, he was to pay for the interest in the business, which real estate and note appellee still retained. The prayer was for an accounting, both as to the earnings of the co-partnership and the bonus paid, and that appellee be decreed to surrender the note, and either be compelled to deed back the real estate or pay the value thereof.

Upon answer being filed, the cause was referred to a master to take the evidence and report his conclusions. The master recommended a decree in accordance with the prayer of the bill. Objections to the report were overruled and a decree was rendered, which found, among other things,

that appellant was entitled to recover from appellee the proportion of the bonus paid for the period of five years as eighteen months bears to the period of five years; that the earned bonus for eighteen months was $4500 and the unearned bonus was $10,500, for which latter amount appellant was entitled to credit in his account with appellee; that appellee should be charged with $19,860.83, which the evidence showed he had received of the earnings of the partnership, and he should be credited with $5934.86, which he had disbursed, leaving a net balance received by him of $13,925.97; that appellant had received as earnings of the partnership $6185.52 and was entitled to a credit for disbursements of $2603.83, leaving a net balance of earnings in his hands of $3581.69; that these two net balances made a total net earning of $17,507.66, one-half of which belonged to each partner, being $8753.83; that after deducting appellee's one-half from the total amount received by him it left $5172.14 due appellant, $1460 of which had been paid to him, leaving $3712.14 due from appellee as appellant's share of the business. The decree also found that appellant was indebted to appellee in the sum of $4650, the amount of the note given at the formation of the partnership, together with $418.50 interest thereon; that the earned portion of the bonus was $4500, which three amounts made a total of $9568.50 as a charge against appellant, which amount deducted from the total bonus of $15,000, left $5431.50, the amount of balance of bonus due appellant from appellee; that this amount added to the $3712.14 due appellant as his share of the proceeds of the business made a total due him of $9143.64. Appellant in open court entered a *remittitur* of $143.64, and a decree was rendered against appellee and in favor of appellant for $9000, and that the note of appellant for $4650 be surrendered to him, and that appellee be entitled to retain the property conveyed.

Upon an appeal to the Appellate Court by appellee the decree of the superior court was reversed and the cause re-

manded, with directions to enter a decree in accordance with a specific finding, which, in effect, was, that the prayer of appellant's bill was for general relief and for a re-conveyance of the land; that the land be re-conveyed by appellee at an estimated value of $10,350; that appellant should be charged with this amount and the same credited on the $10,500 to be returned to him as seven-tenths of the bonus, leaving a balance of $150 due appellant on account of return bonus, to which should be added the balance due appellant from appellee on account of surplus earnings, amounting to $3712.14, making a total due appellant from appellee at the date of the dissolution of $3862.14; that the original articles of partnership provided that the note for $4650 given by appellant should be paid out of his share of the net income over and above $5000 per annum, and that the interest on this note to date was $418.50; that appellant's share of the net income was $8753.83; that this amount exceeded the $5000 per annum, or $7500 for the eighteen months, by the sum of $1253.83, which excess added to the interest of the note makes a total of $1672.83 due appellee from appellant on the latter's note at the date of the dissolution, which amount deducted from the $3862.14 due appellant from appellee as his share of the earnings, leaves a balance of $2189.31, for which appellant is entitled to a decree; that appellant is further entitled to have the note canceled and to receive back his real estate at his own estimate of the value, and appellee will receive payment of so much of appellant's note as by his own agreement he is entitled to. The superior court was instructed to enter a decree in accordance with this finding. From this finding of the Appellate Court appellant prosecuted this appeal.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for appellant.

JOHN S. COOPER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Most of the evidence in the case was taken upon the controversy as to which of the parties was to blame for the failure of the business and cause of the dissolution of the partnership. This question is not material under the pleadings. The parties entered into a written contract of partnership. Differences arose which rendered it undesirable for them to remain together, and they entered into a written agreement dissolving the partnership by mutual consent. If this agreement had not been entered into and a bill had been filed to dissolve the partnership and for an accounting, then the question as to the causes of the dissolution and the responsibility of the parties therefor might have been material, but as the partnership was dissolved by mutual consent and the bill was filed only for an accounting, the evidence with reference to the improper acts of the respective parties became immaterial and the sole question was as to the share of each in the bonus and profits of the business.

Evidence was offered before the master as to the receipts and expenditures of the parties, and these amounts are embodied in his report and in the decree. There does not seem to be any controversy as to the correctness of these amounts. They include the amount of business done, together with the proportion which each partner received, and form the basis of the decree of the superior court and of the finding of the Appellate Court. If these amounts are correct, the only question for our determination is the manner in which they should be applied in order to ascertain the share of each partner.

The material difference between the decree of the superior court and the finding of the Appellate Court is as to the disposition of that part of the bonus represented by the conveyance of the real estate at an estimated value of $10,350. The superior court charged appellee with this amount and required him to re-pay it to appellant and allowed him to

retain the property, while the Appellate Court required him to re-convey the property to appellant upon the basis of a valuation of $10,350. We are of the opinion that the judgment and order of the Appellate Court is the more equitable to both parties and is in conformity with the evidence. The amount of $10,350 represents the value of the real estate. Appellant, in his bill, specifically asks that this be re-conveyed to him. We do not see why his request should not be complied with, especially as it is contended that the real estate was taken originally for more than it was worth. The evidence tends to show that it has not depreciated in value, and, in fact, has rather increased. If this is true, it is now worth what it was taken to represent, and ought to dispose of the $10,350 of the amount in controversy. It is agreed that $10,500 represents the unearned portion of the bonus due appellant, and if we apply the $10,350 on this unearned bonus it leaves $150 balance due appellant. It is also agreed that there is still due appellant $3712.14 as his share of the profits. This added to the $150 makes $3862.14 as a total due appellant. From this sum should be deducted the amounts due appellee. The sum of $4650 of the bonus was represented by the note of appellant due five years after date, with interest at six per cent, which was to be paid out of appellant's share of the profits in excess of $5000 per annum, or $7500 for the eighteen months. The interest on the note for the eighteen months amounts to $418.50. Appellant's share of the profits was $8753.83. If the partnership had continued and a settlement had been made at the end of eighteen months, appellee would have been entitled to receive from appellant $418.50 interest earned on the note, and the difference between $7500 and $8753.83, or $1253.83, would be due appellee from appellant as a payment on the principal of the note, making a total of $1672.33 due appellee from appellant. This amount deducted from the $3862.14 due from appellee to appellant leaves the $2189.81 due appellant, together with the return of his note and real estate.

These views are in harmony with the decision of the Appellate Court, and are based upon the presumption that the condition and value of the real estate to be re-conveyed have not been deteriorated by any act of the appellee or ·through any neglect of legal duty on his part. Should the contrary be shown the court below can adjust the equities between the parties in that regard.

The judgment of the Appellate Court will be affirmed.