# T. O. Rotramel, Plaintiff in Error, v. T. K. Ford, Defendant in Error.

PARTNERSHIP—*when equity will not entertain proceeding for accounting*. If the partnership has been fully dissolved and a written contract entered into representing the dissolution effected, the remedy is at law for a breach of such contract of dissolution and equity will not take jurisdiction of a bill for an accounting.

Bill in chancery. Error to the Circuit Court of Franklin county; the HON. W. H. GREEN, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded with directions. Opinion filed March 21, 1912.

W. H. WILLIAMS, for plaintiff in error.

DENISON & SPILLER, for defendants in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On January 12, 1907, the parties to this suit entered into a written partnership agreement to engage in the grocery business in the city of Benton, Illinois, providing that each party should furnish one-half the capital and be entitled to one-half the net profits; that plaintiff in error, Rotramel, should have entire management of and devote his time and personal attention to the business and should receive in addition to one-half the net profits, $50 a month for his services. It was further agreed that should either party desire to withdraw from the partnership, he should give at least thirty days' notice of such intention, and also give his co-partner the option of purchasing his interest. In pursuance of this agreement a stock of goods was purchased for $1250 and Rotramel took charge of the business, keeping the bank account in his own name and so continued until January 29, 1908, when the partnership was dissolved by mut-

ual consent and a written agreement in reference thereto was entered into by the parties.

This agreement provided that, whereas, said firm had accounts and bills payable to the amount of $3000 more or less and were desirous that the same should be paid and the partnership dissolved; that therefore the said defendant in error, Ford, agreed to assume all the indebtedness of the firm for goods and fixtures and to pay Rotramel for services rendered by him from January 12, 1907, to the date of the agreement, the sum of $50 a month, also to pay said Rotramel the money he had invested in the business; less all items that should be charged to his account, said amount to be paid out of the proceeds of the business after the payment of the indebtedness of the firm. It was further agreed that Rotramel should devote reasonable time and effort to collecting outstanding accounts without compensation; also that the amount of money invested by Rotramel should be adjusted by two persons named and in case of a controversy between them, the same should be settled by a third party to be selected by them; that in the adjustment of the accounts all books, papers, etc., pertaining thereto, should be submitted to the parties selected to adjust the same; that upon the execution of the agreement, the possession of the business, books, etc. should be taken by Ford and Rotramel should retire from said firm and business. This agreement was executed and Rotramel retired from the business. Shortly afterwards on May 16, 1908, Rotramel filed his bill in chancery against Ford, setting out the facts as above stated and attaching copies of said contracts as exhibits to his bill. He further alleged that in pursuance of said agreement of dissolution, he had surrendered possession of said books, business, etc., to Ford and had in every particular fulfilled his part of the agreement; that Ford had wholly refused to carry out his part of the agreement although often requested by appellant

so to do; that complainant notified said arbitrators of his desire to make a final settlement of said co-partnership but he is informed they now refuse to act; that he has been sued by certain creditors of the firm and is threatened with suit by others who refuse to recognize the liability of Ford as a partner; that during the continuance of said partnership and since he has been compelled to expend large sums of money to meet the indebtedness of the firm, which he is in danger of losing unless a speedy accounting is had between him and said Ford; that shortly after the dissolution of said partnership said Ford sold the stock of goods formerly owned by said partners to another party; that Ford had all the books and papers pertaining to the co-partnership in his possession and therefore complainant cannot make more specific allegations.

The prayer of the bill is that "defendant render to the court a just and true account of all his acts and doings in respect to said co-partnership, said accounting to be rendered under the oath of said defendant, and that said defendant be decreed to pay to your orator such sums of money as may be found to be due according to said agreement of dissolution hereinbefore mentioned" and that he may have such other and further relief as justice and equity may demand.

Ford answered, admitting the execution of the former agreement of partnership, the carrying on of the business under it, the execution of the agreement of dissolution and that after said dissolution he took possession of the business, books etc., but denied all the other material allegations of the bill.

Replication was filed and the cause referred to the master in chancery to take the proofs. The master reported the evidence and the court entered a decree finding that it had jurisdiction of the subject-matter and parties and stating that upon a hearing upon the evidence the court found the issues in favor of the

defendant Ford, and rendered judgment against complainant Rotramel for costs.

The only point raised and argued by plaintiff in error as a reason why there should be a reversal of this case, is that the proofs did not sustain the decree in favor of defendant in error.

The bill in this case seems to have a double purpose, one of which is to compel a partnership accounting between the parties and the other to enforce the provisions of the agreement of dissolution. No statement is made by the master in chancery as he was only required to report the evidence and the short decree of the court, which simply finds the issues in favor of Ford and renders judgment against Rotramel for costs, throws no light upon the subject of the account. The evidence upon this subject is confusing and from it it is difficult to satisfactorily determine the condition of the accounts between the parties. Nor does it clearly appear from the arguments of counsel, exactly what is claimed by them as to the condition of the accounts. We are inclined to the belief, however, that under the evidence, the principal, if not the only real controversy between the parties, was the right of Rotramel to recover his salary of $50 a month during the time he conducted the business as provided for in the articles of dissolution.

It is said by plaintiff in error that the court below in deciding the case, stated that the partnership in question was dissolved by mutual consent of the parties by a written instrument, and it appeared that complainant was to have $50 a month for his services and that his remedy was at law for the amount due him.

Plaintiff in error correctly contends the general rule is as laid down in Burns v. Nottingham, 60 Ill. 531, "That one partner cannot bring an action in assumpsit against his late partner unless upon a dissolution of the co-partnership, the partners account

together, and a balance is stated in favor of one, and the other agrees to make payment of such sum."

In this case, however, there was a final dissolution of the partnership in writing and an agreement of the terms upon which the dissolution was to take effect and a further agreement as to the payments to be made by Ford under certain conditions. The mere fact that the amount invested by Rotramel in the business was not stated or determined by the agreement and the further facts that the indebtedness of the firm and the amount of the accounts due it, were not ascertained and named, do not affect the agreement as a final settlement between the parties. In fact plaintiff in error relies on the agreement as a final settlement and seeks to enforce it in his bill.

We are of opinion that under the circumstances plaintiff in error was not entitled to a partnership accounting nor was it necessary for him to go into equity to enforce his rights under the contract. If Ford has failed to comply with the terms of the contract of dissolution, Rotramel has his remedy in an action of law upon the contract. This case differs from that of McCandless v. Crouse, 220 Ill. 344, relied on by plaintiff in error as upholding the doctrine that a bill for accounting may be sustained, although there had been a dissolution of the partnership by written agreement in this, that in the case so relied upon the agreement simply provided for a dissolution of the partnership and expressly stated that the terms of dissolution and settlement were to be agreed upon thereafter.

In this case however there was not only a dissolution of the partnership but the terms of the settlement were fully agreed upon and stated in the instrument. If therefore the court below intended to dismiss the bill for want of equity because plaintiff in error had a complete remedy at law, we agree with the con-

clusion of the court. Defendant in error however does not concede that the case was determined in its favor on the ground that plaintiff in error had his remedy at law and the decree apparently shows a hearing upon the merits and a finding of the issues on such hearing in favor of defendant in error. In order that there may be no mistake upon this question and that plaintiff in error may not be barred from bringing his action at law upon the contract to determine whether or not there is anything due him by virtue of the terms of the same, the decree will be reversed and the cause remanded with directions to the court below to dismiss the bill for want of equity, for the reason that plaintiff in error has his remedy at law.

*Decree reversed and remanded with directions.*