Henry J. Macfarland, Complainant, v. William T. Utz et al., Defendants.

Rumah A. Crouse, (Cross-Complainant), Defendant in Error, v. Archibald W. McCandless et al., (Cross-Defendants), Plaintiffs in Error.

## Gen. No. 16,831.

1. MORTGAGES—*when barred*. The mortgage is a mere incident to the debt and is barred only when the debt is barred.

2. STATUTE OF LIMITATIONS—*construction*. Sections 11 and 16 of the statute of limitations are to be construed together.

3. MORTGAGES—*when payment of note not assumed*. By accepting a conveyance of property subject to a trust deed one does not assume the payment of the note secured by such deed.

4. MORTGAGES—*when payment of principal not assumed*. Where a person who accepts a conveyance of property subject to a trust deed to secure a note enters into extension agreements with the holder of such note and agrees to pay interest and does so pay, no personal liability on the part of such person to pay the principal of the note is created.

5. MORTGAGES—*statute of limitations*. Where conveyance of property is made subject to a trust deed to secure a note, the running of the statute of limitations in favor of the grantor against the holder of the note is prevented by payments of interest by the grantee.

6. MORTGAGES—*when statute of limitations cannot be interposed*. If the grantor of property subject to a trust deed to secure a note pays the interest thereon the grantee cannot interpose the statute of limitations to defeat foreclosure.

7. MORTGAGES—*when foreclosure decree is in rem*. A foreclosure decree involved is *in rem* where the suit is brought against the maker of the note secured by a trust deed after such maker conveyed the property subject to such deed and reconveyance has been decreed.

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

ASHCRAFT & ASHCRAFT, for plaintiff in error; E. M. ASHCRAFT, of counsel.

LACKNER, BUTZ & MILLER, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This writ of error is prosecuted by Archibald W. McCandless, and Kate C. McCandless, his wife, to review the record of a proceeding in equity in the Circuit Court, wherein a decree was entered foreclosing a certain trust deed.

In March, 1896, McCandless purchased a partnership interest for the term of five years in an established business conducted by John N. Crouse, and in consideration therefor conveyed to said Crouse certain real estate in the city of Chicago, subject to the trust deed incumbrance here involved, given to secure the note of McCandless for $4,500, bearing date April 18, 1893, payable in five years to Nony Williams. Said deed recites a consideration of $15,000, but it is agreed that the actual consideration was $10,350. In further consideration of said purchase by McCandless he gave to Crouse his note for $4,650, payable out of his share of the profits of the business in excess of $5,000 per annum. October 15, 1897, the partnership was dissolved as of October 1, 1897, the terms of dissolution and settlement to be thereafter agreed upon. February 3, 1898, McCandless filed his bill in equity in the Superior Court against Crouse, charging that he was induced to enter into said partnership contract by the fraudulent representations of Crouse and praying that said contract be rescinded and the consideration (the property conveyed and the note for $4,650) be restored to him. The owner and holder of the note and trust deed here involved was not made a party to said bill and said note and trust deed were not mentioned in said bill. On April 18, 1908, while said proceeding was pending said note matured by its terms and Crouse

procured from its owner and holder, Nony Williams, an extension of two years for its payment, and on April 18, 1900, Crouse procured a like extension of three years, or until April 18, 1903. In neither of the said extension agreements did Crouse agree to pay the principal of said note. On March 19, 1904, a decree was entered in the Superior Court adjudging that McCandless was entitled to recover from Crouse seven-tenths of the bonus of $15,000 paid by him for a one-half interest in the partnership and requiring Crouse to pay to McCandless $9,000, and to surrender to him the note for $4,650. Upon the appeal of Crouse from said decree to this court said decree was reversed and the cause remanded to the Superior Court. By the judgment of this court McCandless was held to be entitled to a reconveyance from Crouse of the real estate, upon which the trust deed here involved was a lien, and to a decree against Crouse for $2,189.31, and for the cancellation and surrender by Crouse of the note for $4,650. Crouse v. McCandless, 121 Ill. App. 237. From the judgment of this court McCandless prosecuted his appeal to the Supreme Court, where said judgment was affirmed. McCandless v. Crouse, 220 Ill. 344. In the Supreme Court Mr. Justice Wilkin, after stating the views of the court upon the proper accounting to be had between the parties, said:

"These views are in harmony with the decision of the Appellate Court, and are based upon the presumption that the condition and value of the real estate to be reconveyed have not been deteriorated by any act of the appellee (Crouse) or through any neglect of legal duty on his part. Should the contrary be shown the court below can adjust the equities between the parties in that regard."

On March 19, 1907, said cause was re-docketed in the Superior Court and on June 25, 1907, it was found by said court that on June 12th preceding Crouse had tendered to McCandless $2,189.31 in legal tender, also a deed, being the reconveyance of the real estate di-

rected to be made by the Appellate Court, also the note for $4,650, and that McCandless then accepted said $2,189.31, but did not accept said deed and note, claiming that the condition and value of said real estate had been deteriorated by the act and neglect of legal duty on the part of Crouse. The court also then found that a like tender of said amount and of said deed and note had been made on behalf of Crouse to McCandless on August 2, 1906. Thereafter, on January 13, 1908, while the suit at bar was pending in the Circuit Court, an order was entered in the Superior Court referring the said cause for an accounting, etc., to a master to take and report the evidence with his conclusions, as to whether or not the condition and value of the real estate there involved had or had not been deteriorated by an act of Crouse, or through the neglect of any legal duty on his part, and if so, in what amount. Said cause is still pending in the Superior Court upon such reference. On July 2, 1904, defendant in error, Rumah A. Crouse, wife of John N. Crouse, purchased from Nony Williams the note for $4,500 secured by the deed of trust here involved, and has since remained the legal holder and owner of said note. Subsequent to the conveyance on April 26, 1896, of the real estate by McCandless to Crouse, subject to the trust deed, McCandless made no payments of principal or interest on the note which said trust deed was given to secure, but the interest accruing on said note up to January 2, 1905, was paid by Crouse.

On September 5, 1907, Henry J. Macfarland filed his original bill in the Circuit Court to foreclose the trust deed given to secure said note for $4,500, then owned by Rumah A. Crouse. The bill appears to have been filed by Macfarland at the request of John N. Crouse, upon the assumption that the foreclosure of the trust deed would not be contested. Plaintiffs in error answered the bill, admitting the execution of

the note and trust deed, but denying that Macfarland was the owner thereof, and alleging that said note was paid by the owner of the premises or by some one for him or on his account. Rumah A. Crouse and John N. Crouse also answered said bill admitting the making of said note and trust deed, but denying that Macfarland was the legal or equitable owner of the same. Rumah A. Crouse, as the legal holder and owner of said note and trust deed, then filed her cross-bill to foreclose said trust deed, and the original bill filed by Macfarland was thereafter dismissed for want of equity. In their answer to said cross-bill plaintiffs in error admitted the execution of the note and trust deed; denied that cross-complainant was the owner and legal holder of the same; alleged that said note had been paid; and set up the ten year statute of limitations and laches in bar of the action. The issues made by said cross-bill and answer, and the replication to said answer, were referred to the master to take the proofs and report the same, together with his conclusions. Upon the issues of fact involved the report of the master was favorable to the cross-complainant, and the master further reported that, while personal liability on the note as against Archibald W. McCandless was barred by the statute of limitations, the right of cross-complainant to foreclose the trust deed still existed. In accordance with the recommendation of the master a decree foreclosing said trust deed was entered.

Upon the issues of fact involved the evidence supports the findings of the master incorporated in the decree.

Plaintiffs in error say the vital question is whether or not the act of John N. Crouse, to whom plaintiffs in error conveyed the property in 1896, subject to the trust deed, in making the extension agreements with the then holder of the note secured by said trust deed and by his payment of interest on said note after its maturity, extended the obligation and stopped the run-

ning of the statute of limitations as against plaintiff in error, Archibald W. McCandless, who paid nothing on the note after conveying the property to Crouse, and was never asked to do so by anyone. The position assumed by plaintiffs in error is predicated upon the theory that no foreclosure can be had under the trust deed apart from the existence of a personal liability, upon the note against the maker or against one who may have assumed its payment.

It has been repeatedly held that sections 11 and 16 of the act in regard to limitations are to be construed together; that the mortgage is a mere incident of the debt and is barred only when the debt is barred; and that a suit to foreclose a mortgage may be commenced at any time after the last payment of interest upon the note which said mortgage was given to secure. Schifferstein v. Allison, 123 Ill. 662; Richey v. Sinclair, 167 Ill. 184; Murray v. Emery, 187 Ill. 408; Stein v. Kaun, 244 Ill. 32.

By accepting a conveyance of the property subject to the trust deed Crouse did not assume the payment of the note secured by said trust deed, nor did the extension agreements entered into between Crouse and Nony Williams, the then holder of said note, on April 18, 1898, and April 18, 1900, whereby Crouse agreed to pay the interest on said note, or the act of Crouse in thereafter paying such interest, create a personal liability upon the part of Crouse to pay the principal of said note. Ray v. Lobdell, 213 Ill. 389; Scholten v. Barber, 217 Ill. 148.

The payments of interest upon the note from 1897 to 1905 inclusive by Crouse as the owner of the equity of redemption in the mortgaged property was made both for the benefit of himself and for the benefit of plaintiffs in error, his grantors, and such payment of interest served to toll the statute of limitations and to keep alive the debt for the payment of which the mortgaged property was primarily liable.

The decree of foreclosure here involved is *in rem,* not *in personam.*

In Pinkney v. Weaver, 216 Ill. 185, Joseph Verkler and wife, on Nov. 24, 1884, conveyed to Ada Roggy certain land for life with reversion over to the heirs of her body surviving to their majority, and in the event of their death prior thereto, to the grantors and their heirs. Said conveyance was made subject to a trust deed executed by the grantors to secure the payment of their note maturing April 1, 1889, the interest upon which note was thereafter, in 1890 and 1891, paid by the grantee, who had then procured a conveyance from the heirs of the grantors of their contingent remainder. On September 14, 1899, being more than ten years after the maturity of the note, the holder thereof filed a bill to foreclose the trust deed, and it was held that the payments of interest by the grantee operated to arrest the running of the statute of limitations as against both her life estate and the reversionary estate. Referring to the payment of interest by said grantee it was there said: "She had full right to protect her estate, and all possible interests, from foreclosure and sale under the trust deed by paying the annual interest as it fell due on the note secured by the trust deed."

By the terms of the trust deed the land was primarily liable for the payment of the debt, and Crouse, as the grantee of plaintiffs in error, having acquired the title to said land subject to said trust deed, was burdened with the obligation to pay the debt or suffer the loss of the land by foreclosure and sale. Apart from the payment of interest the extension agreements entered into between Crouse and the holder of the note are without special significance. The payment of interest upon the note is the vital thing. If such interest had been paid by McCandless, the statute of limitations could not have been interposed by his grantee, Crouse, to defeat a foreclosure of the trust deed (Emory v. Keighan, 88 Ill. 482), and we

perceive no reason why the payment of interest by Crouse should not preclude plaintiffs in error from successfully invoking the statute of limitations in bar of the action.

The conclusion at which we have arrived is decisive of the case against plaintiffs in error and renders it unnecessary to consider the other questions sought to be raised.

There is no error in the record and the decree is affirmed.

*Decree affirmed.*